**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 04-10114-CIV-MOORE/GARBER

PAUL E. BATES, individually,
PAUL E. BATES, d/b/a
COCONUT COVE RESORT
& MARINA, INC., and COCONUT
COVE RESORT & MARINA, INC.,

               Plaintiffs,

v.

ISLAMORADA, VILLAGE OF
ISLANDS,

               Defendant.

_____/

## AMENDED ORDER

THIS CAUSE is before the Court on Defendant's Verified Motion to Tax Costs and Attorneys' Fees (D.E. #276); a *sua sponte* review of the file, including the Court's November 6, 2006, Order regarding Defendant's Verified Motion to Tax Costs and Attorneys' Fees (a Motion which the Honorable K. Michael Moore, United States District Judge, had referred to the undersigned); and the parties' documents in which (1) Plaintiffs objected to certain parts of the Court's November 6, 2006, Order regarding Defendant's Verified Motion to Tax Costs and Attorney's Fees, and (2) Defendant asked the Court to enter a judgment of costs and attorneys' fees based on the November 6, 2006, Order.  *See* D.E. ##293, 294, 296, 297.

After due consideration and as discussed *infra*, the Court VACATES its November 6, 2006, Order (D.E. #292); GRANTS IN PART AND DENIES IN PART Defendant's Verified Motion to Tax Costs and Attorneys' Fees (D.E. #276); awards Defendant $861.00 in costs; and denies

1

Defendant's request for attorneys' fees.

## **BACKGROUND**

This 42 U.S.C. § 1983 action arose from several long-running disputes between Plaintiffs and Defendant ("Islamorada"), which is a municipality located in Monroe County, Florida. Most of the disputes concerned issues regarding the zoning and operation of Plaintiffs' property located in Islamorada.

In Plaintiffs' Amended Complaint, they asserted three claims. In Count I, a substantive due process claim, Plaintiffs claimed that Defendant Islamorada, acting through arbitrary legislative action, had denied Plaintiffs substantial use of their property and had otherwise interfered with their substantive due process rights. In Count II, an Equal Protection claim, Plaintiffs alleged that Defendant had intentionally treated Plaintiffs differently than Defendant had treated other similarly-situated individuals and entities, with no rational basis for doing so. In Count III, which was based on the First and Fourteenth Amendments to the United States Constitution, Plaintiffs asserted that Defendant took steps to retaliate against them because of Plaintiff Paul Bates's complaints about Islamorada's local government and his speech and activities regarding local political reform.

In three Report and Recommendations filed between May 30, 2006, and June 2, 2006, the undersigned recommended that Judge Moore grant summary judgment for Islamorada as to Counts II and III in their entireties, and grant in part and deny in part Islamorada's Motion for Summary Judgment as to Count I. *See* D.E. ##228, 230, 237. The three Report and Recommendations were a combined 108 pages: fifteen pages regarding Count I, D.E. #228; fifty-three pages regarding Count II, D.E. #230; and forty pages regarding Count III, D.E. #237.

With respect to Count I, the undersigned recommended that Judge Moore grant Islamorada's

Motion for Summary Judgment "to the extent Count I may be based on non-legislative/executive actions and deny that Motion to the extent Count I is based on legislative actions." D.E. #228, at 15. The undersigned noted, however, that Islamorada might have been entitled to judgement as to Count I *in its entirety* if it had raised in its Motion for Summary Judgment an argument which it failed to raise until it filed its Reply memorandum in support of that Motion. *See id.* at 13-14 & nn.7-8. Specifically, the undersigned noted that to the extent Count I was based on legislative actions, Islamorada's legislative actions should be reviewed pursuant to a "'highly deferential rational basis test . . . .'" D.E. #228, at 13 (quoting *Abele v. Hernando County*, 161 Fed. Appx. 809, 814-15 (11th Cir. 2005)); *see also, e.g.*, D.E. #228, at 13-14; *Bannum, Inc. v. City of Ft. Lauderdale*, 157 F.3d 819, 822 (11th Cir. 1998).

In part because of the proximity of the scheduled trial date (the undersigned signed D.E. #228, the Report and Recommendation regarding Count I, on May 30, 2006, and at that time trial was scheduled to commence on June 12, 2006), and the fact that the question of whether to allow the parties to brief the question of whether Islamorada was entitled to summary judgment as to Count I in its entirety was "a discretionary matter which could [have] affect[ed] the June 12, 2006, trial date," D.E. #228, at 14 n.8, the undersigned discussed the possibility that Islamorada might be entitled to summary judgment as to Count I in its entirety (and therefore as to all of Plaintiffs' claims in their entireties) if the Court allowed the parties to further address Count I, but the undersigned explicitly stated that the undersigned would "not make any recommendation as to whether the Court should allow or require the parties to brief that issue prior to trial." *Id.*

With regards to the portion of Count I for which the undersigned had recommended that Judge Moore deny summary judgment, Defendant Islamorada, consistent with the undersigned's

comments which are outlined in the preceding paragraph, moved for leave to brief the issue of whether Islamorada was entitled to summary judgment regarding Count I to the extent that claim was based on legislative actions. *See* D.E. #238. Judge Moore granted the parties' leave to brief that issue, and the parties did so. *See, e.g.*, D.E. ##239, 241, 246, 249, 251.

In two Orders which were filed on August 19, 2006, and which were entered on the docket on August 19 and August 21, 2006, Judge Moore granted summary judgment in Islamorada's favor as to all three of Plaintiffs' claims in their entireties. *See* D.E. ##272-73. With regards to that portion of Count I which might have been based on Islamorada's legislative actions, Judge Moore included in his Orders approximately an additional three to four pages of substantive analysis which the undersigned had not undertaken. *See* D.E. #273, at 2-5.

On September 18, 2006, Defendant Islamorada filed its Verified Motion to Tax Costs and Attorneys' Fees, in which it requested: (1) $549,585.50 in attorneys' fees pursuant to 42 U.S.C. § 1988, based on its assertion that Plaintiffs' claims were frivolous, unreasonable, or without foundation, *see* D.E. #276, at 1-2, 5-14; and (2) $28,286.64 in costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, *see* D.E. #276, at 1, 3-5; D.E. #289.[1] Islamorada did not request fees or costs pursuant to any statute, rule, order, or other authority apart from Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920, and 42 U.S.C. § 1988.

On November 6, 2006, the undersigned granted in part and denied in part Islamorada's

---

[1] In Islamorada's Verified Motion to Tax Costs and Attorneys' Fees, Islamorada requested $28,286.64 in itemized costs, *see* D.E. #276, at 3-5, but due to a scrivener's error Islamorada wrote that the itemized amounts totaled $10,647.00. *See* D.E. #276, at 1, 17. On October 24, 2006, Islamorada filed a document in which it corrected that scrivener's error and unambiguously placed both the Court and Plaintiffs on notice that it was requesting $28,286.64 in costs. *See* D.E. #289.

Verified Motion to Tax Costs and Attorneys' Fees. *See* D.E. #292. This Court concluded that Islamorada was entitled to recover attorneys' fees because Plaintiffs' claims had been frivolous, unreasonable, or without foundation. *See* D.E. #292, at 3-4. After applying the lodestar method, the Court concluded that Islamorada was entitled to recover $350,657.25 in fees from Plaintiffs. *See id.* at 4-9, 13. This Court also concluded that Islamorada was entitled to recover $1,974.88 in costs from Plaintiffs. *See id.* at 10-13. The Court denied several of Islamorada's requests for costs without prejudice to request those costs at a later date upon submission of additional evidence and/or information supporting those requests. *See id.* at 10-13.

## DISCUSSION

Both parties filed documents in response to this Court's November 6, 2006, Order. Based on those documents, as well as a *sua sponte* review of the entire docket and a reconsideration of legal authority related to and facts underlying Islamorada's request for attorneys' fees and costs, the undersigned has reconsidered several conclusions contained in the November 6 Order. The Court enters this Order, and particularly the following discussion of and conclusions regarding Islamorada's request for attorneys' fees and costs, for the express purpose of superseding the Court's discussion of and conclusions regarding those issues in the November 6, 2006, Order.

### The parties' arguments regarding the November 6, 2006, Order

On November 15, 2006, Islamorada filed its Motion for Entry of Final Judgment and Certification that Defendant Will Not Pursue Amendment to the Court's Ruling on November 6, 2006, Regarding Attorneys' Fees. D.E. #293. In that document, Islamorada explicitly represented that it would "not seek modification of the Court's November 6, 2006, Order . . . ," D.E. #293, at 2,

and asked the Court to enter what it referred to as both a "final judgment pursuant to" the November 6 Order, *id.*, or "a final cost judgment awarding Defendant $1,974.88 in costs and $350,657.25 in attorney's fees from Plaintiffs." *Id.*

The Court is not aware of any authority - and the parties have not directed the Court to any such authority - which requires a federal court to enter a final "judgment" regarding fees and costs in a different form or including different language or substance than the Court's November 6, 2006, Order. Of course, because the undersigned, instead of a District Judge, entered the November 6 Order, the parties had the opportunity to file an appeal from and/or objections to that Order with Judge Moore. Additionally, because the undersigned denied some of Islamorada's cost requests without prejudice, Islamorada could have filed a motion seeking an additional cost award related to those specific items.[2] Nevertheless, it does not appear that a District Court (or a Magistrate Judge to whom the relevant motion has been referred) has to enter an order different in form or substance than this Court's November 6 Order - *e.g.*, including the specific words "Final Judgment" - in order to allow the prevailing party to collect the fees and costs which the Court awarded in the order.

In light of those principles, this Court assumes that Islamorada's "Motion for Entry of Final Judgment and Certification that Defendant Will Not Pursue Amendment to the Court's Ruling on November 6, 2006, Regarding Attorneys' Fees" was merely Islamorada's representation that it would

---

[2] Because the Court, in the November 6 Order, "provided for an opportunity to the Defendant to supplement its Motion to Tax Fees and Costs," Plaintiffs have expressed their belief that the November 6 Order was "non-final." D.E. #294, at 2.

The question of whether the November 6 Order was "final" should be rendered moot by this Court's entry of this Order, because: (1) this Order will supersede the November 6 Order; and (2) the Court does not intend to expressly or implicitly give Defendant the opportunity to move for any additional fees or costs other than those which Defendant has already requested and which the Court will address in this Order.

6

not be filing objections to or an appeal from the undersigned's November 6 Order.

On November 20, 2006, Plaintiffs filed a document which they titled, "Objections and Exceptions to Magistrate Judge's Order of November 6, 2006, Awarding Fees and Costs to Defendant." D.E. #294.  Plaintiffs contend that Islamorada is not entitled to recover any attorneys' fees from Plaintiffs because their claims were not frivolous, unreasonable, without foundation, or subject to any other characterization which would trigger Islamorada's right to an award of fees pursuant to 42 U.S.C. § 1988.  In support of that contention, Plaintiffs assert, *inter alia*, that:  (1) the Court did "not provide an outline of the reasoning employed to reach the conclusion of awarding fees to the Defendant . . . ," D.E. #294, at 13; (2) as Judge Moore's March 15, 2005 Order (D.E. #17) denying Islamorada's Motion to Dismiss reveals, Plaintiffs' claims had arguable merit, *see* D.E. #294, at 5-6; (3) Plaintiffs stated a *prima facie* case as to each claim and supported each claim with concrete evidence; (4) "the length of the opinions disposing of each of the claims precludes an objective finding of a lack of any arguable merit . . . ," *Id.* at 6; *see also, e.g.*, *id.* (referring to the "number of lengthy reports recommending dismissal" and Judge Moore's Order "detailing at length the reasons for dismissal"); (5) contrary to the undersigned's conclusions, the focus on the "offer of settlement" factor which the Eleventh Circuit has endorsed as a consideration which district courts may take into account in order to determine whether a prevailing party is entitled to fees pursuant to *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694 (1978) (*i.e.*, the second "*Sullivan* factor"[3]) is not whether the *non-prevailing plaintiff* made an offer of settlement, but rather whether the *prevailing defendant* made an offer of settlement; (6) Defendant Islamorada did make an offer of settlement during mediation; (7) contrary to Islamorada's argument, the fact that

---

[3]  *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

Islamorada made an offer of settlement dictates *against* a fee award; (8) contrary to Islamorada's argument which this Court cited in its November 6, 2006, Order, *see* D.E. #292, at 3, the fact that Islamorada made its settlement offer during mediation does not diminish the relevance of that offer or that the offer dictates against an award of fees to Islamorada; and (9) even if a fee award were proper, the undersigned awarded excessive fees by awarding Islamorada's counsel too high an hourly rate and reimbursed Islamorada's counsel for an excessive number of hours work.

With regard to the Court's award of costs, Plaintiffs argue that, *inter alia*:  (1) the Court should not allow Islamorada to supplement the documentation it originally filed in support of its request for costs (*i.e.*, by denying Islamorada's request for certain costs *without prejudice*), particularly because Islamorada's trial counsel is an experienced litigator who should have known what evidence or information had to be presented to this Court in order to recover the costs for which Islamorada sought reimbursement; (2) "[p]roviding a party with an opportunity to supplement a fee application can be considered a departure from the court's position of neutrality . . . ," D.E. #294, at 19; and (3) contrary to this Court's finding, Plaintiffs did object to Islamorada's request for taxation of mediation costs, *see id.*

**<u>Attorneys' fees</u>**

As the Court discussed *supra*, Defendant Islamorada requests $549,585.50 in attorneys' fees pursuant to 42 U.S.C. § 1988 and based on its assertion that Plaintiffs' claims were frivolous, unreasonable, or without foundation, *see* D.E. #276, at 1-2, 5-14; and the Court, in its November 6, 2006, Order, determined that Islamorada was entitled to recover $350,657.25 in fees from Plaintiffs, *see* D.E. #292, at 3-9, 13.  The Court has reconsidered that determination and now concludes that

Islamorada is not entitled to recover any attorneys' fees from Plaintiffs.

Although an award of attorneys' fees to Islamorada, as the prevailing Defendant, is within this Court's sound discretion pursuant to § 1988, *see, e.g.*, 42 U.S.C. § 1988; *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694 (1978), that discretion is not absolute.  In fact, the Supreme Court, the Eleventh Circuit, and District Courts within the Eleventh Circuit have explicitly characterized the § 1988 standard for awarding fees, which the Court will discuss in more detail *infra*, as "a 'stringent' one."  *Walker v. Nationsbank of Fla. N.A.*, 53 F.3d 1548, 1558 (11th Cir. 1995) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980)); *see also, e.g.*, *Grayden v. City of Orlando*, 171 Fed. Appx. 284, 285-86 (11th Cir. 2006) (Affirming district court's denial of prevailing § 1983 plaintiff's request for certain attorneys' fees and holding:  "'This court reviews an award of attorney's fees for abuse of discretion; nevertheless, that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award.'") (quoting *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001)); *Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1304 & n.7 (11th Cir. 2001) (stating that the Supreme Court has held that the standard for awarding § 1988 fees is "stringent"); *Wilson v. Dep't of Children & Families*, No. 3:02-cv-357-J-32TEM, 2007 WL 1100469, at *2 (M.D. Fla. Apr. 11, 2007); *Bell v. Houston County, Ga.*, No. 5:04-cv-390(HL), 2007 WL 988792, at *2 (M.D. Ga. Mar. 30, 2007).

As the parties agree and as the Court wrote in its November 6, 2006, Order, fee awards to a prevailing § 1983 defendant "should be permitted not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978); *see also, e.g.*, *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999); *Head v. Medford*, 62 F.3d 351,

355 (11th Cir. 1995); D.E. #292, at 3.  Pursuant to that standard, the term "frivolous" means "so lacking in arguable merit as to be groundless or without foundation." *Christianburg*, 434 U.S. at 421, 98 S. Ct. at 700.

A prevailing § 1983 defendant therefore is not entitled to fees merely because "the plaintiff . . . ultimately lost his case." *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999). Instead, "determinations regarding frivolity are to be made on a case-by-case basis . . . ." *Id.* at 952. Although there are no "'hard and fast rules'" that the Court must consider in making that determination, *id.* (quoting *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)); *see also, e.g.*, *Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1304-05 & n.9 (11th Cir. 2001), the Eleventh Circuit has identified "several factors[, which the Eleventh Circuit and district courts within the Eleventh Circuit often refer to as "the *Sullivan* factors,"] to help inform that determination, among them: '(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle[4] ; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *Bruce*, 177 F.3d at 951 (quoting *Sullivan*, 773 F.2d at 1189); *see also, e.g.*, *Bevan v. Lee County SO*, No. 06-14668, --- Fed. Appx. ----, ----, 2007 WL 776821, at *2 (11th Cir. Mar. 15, 2007), *rehearing and rehearing* en banc *denied*, --- F.3d ---- (11th Cir. May 16, 2007) (Table); *Sibley v. Levy*, 203 Fed. Appx. 279, 280-81 (11th Cir. 2006); *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995).

Perhaps most importantly, and as the Court will discuss in more detail *infra*, despite the fact

---

[4]  In the Court's November 6, 2006, Order, this Court incorrectly cited *Head v. Medford* for the proposition that the second *Sullivan* factor was whether the non-prevailing *plaintiff* offered to settle, but the correct question is whether the prevailing *defendant* offered to settle. *See Head*, 62 F.3d 351, 356 (11th Cir. 1995); D.E. #292, at 3; *see also, e.g.*, *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182,1189 (11th Cir. 1985).

that this Court has discretion whether to award § 1988 fees based on a conclusion that Plaintiffs' suit was unreasonable, frivolous, meritless or vexatious, that discretion is limited and the Court may not exercise it without making fairly specific findings to support its conclusions.  In other words, if this Court concludes that Plaintiffs' suit or any of Plaintiffs' claims were unreasonable, frivolous, meritless, or vexatious, then the Court may not simply state that conclusion without explaining in some detail how it arrived at that conclusion; in fact, the Court must make sufficiently specific findings that will enable the Eleventh Circuit to conduct a "meaningful . . . review" of this Court's conclusions if either party appeals.  *Harris v. Heinrich*, 919 F.2d 1515, 1516-17 (11th Cir. 1990) (Reversing district court's award of attorneys' fees pursuant to § 1983 and Federal Rule of Civil Procedure 11 because "the absence of specific basis for the imposition of sanctions makes meaningful appellate review of the order impossible . . . ," and "remand[ing] for specific findings by the district court."); *see also, e.g.*, *Sibley v. Levy*, 203 Fed. Appx. 279, 280-81 (11th Cir. 2006); *Fireman's Fund Ins. Co. v. Tropical Shipping & Construction Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001); *Chapman v. AI Transportation*, 229 F.3d 1012, 1039 (11th Cir. 2000); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (holding that although a district court has wide discretion in calculating reasonable attorneys' fees, the district court's order regarding fees must allow for meaningful appellate review and therefore the district court must articulate principled reasons for its decision); *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (Holding that even when a district court has discretion regarding costs, the district court must provide explicit reasons for its decision "so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) ("Although the district court has wide discretion in exercising its judgment

on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient. . . . The court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation."); *cf., e.g.*, *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996) ("A district court by definition abuses its discretion when it makes an error of law."); *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting *Koon v. United States* regarding the "abuse of discretion" standard in relation to an attorneys' fee award based in part on *Christianburg* and the *Sullivan* factors).

Relying on the three *Sullivan* factors which the Eleventh Circuit has promulgated as a non-exhaustive list of considerations to help district courts determine whether a fee award to a prevailing § 1983 defendant is appropriate pursuant to § 1988 and *Christianburg*, this Court concludes that Plaintiffs' claims were not unreasonable, frivolous, meritless, or vexatious, and that Islamorada therefore is not entitled to recover attorneys' fees from Plaintiffs.

Solely for purposes of this Order, the Court will assume without deciding that Plaintiffs did not establish a *prima facie* case, and that the first *Sullivan* factor therefore favors an award of fees to Islamorada.  The third *Sullivan* factor, however, strongly dictates against a fee award; and the second *Sullivan* factor does not dictate either for or against a fee award for Islamorada.  Relying on those three factors, particularly the third *Sullivan* factor, and in the absence of any other fact which would support a fee award to Islamorada pursuant to *Christianburg*, this Court exercises its discretion to deny Islamorada's request for attorneys' fees.

In many instances, the third *Sullivan* factor -  whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits - will dictate in favor of a fee award when a defendant

such as Islamorada prevails on a motion for summary judgment.  However, the fact that Islamorada prevailed and obtained a summary judgment does not automatically entitle it to fees.  *See, e.g.*, *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *O'Neal v. DeKalb County, Ga.*, 850 F.2d 653, 658 (11th Cir. 1988).  Instead, even when a § 1983 defendant such as Islamorada prevails on a motion for summary judgment, an attorneys' fee award is inappropriate if the case were difficult or if Plaintiffs' "claims [we]re meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991); *see also, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 15-16, 101 S. Ct. 173, 179 (1980); *Walker v. Nationsbank of Fla., N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995); *O'Neal*, 850 F.2d at 658.  The Eleventh Circuit has clearly stated "that a plaintiff's claim *should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant* when the claims are meritorious enough to receive careful attention and review." *Walker*, 53 F.3d at 1559 (emphasis added); *see also, e.g.*, *Busby*, 93 F.2d at 787; *O'Neal*, 850 F.2d at 658.  The Supreme Court has stated a similar principle.  *See Hughes*, 449 U.S. at 15-16, 101 S. Ct. at 179 ("Even those allegations that were properly dismissed for failure to state a claim deserved and *received the careful consideration of both the District Court and the Court of Appeals*. . . . Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*.") (emphasis added).

Without question, all three of Plaintiffs' claims were sufficiently difficult and meritorious to require very careful attention and review.  As the Court discussed *supra*, the undersigned issued three Report and Recommendations which totaled 108 pages to address Plaintiffs' three claims.  Judge Moore then allowed the parties to further brief one aspect of Count I, *i.e.* whether Islamorada

13

was entitled to summary judgment to the extent that Count I was based on legislative actions; and Judge Moore, in his Order granting summary judgment as to Count I, included approximately three to four additional pages of substantive analysis regarding that issue which the undersigned had not undertaken. *See* D.E. #273, at 2-5.

A question may exist as to whether the decisions which the Court discussed *supra* regarding the third *Sullivan* factor dictate a mandatory or a permissive approach as to application of that third factor when the claim or claims at issue were meritorious enough to receive careful attention and review. Specifically, a question exists as to: **(a)** whether, as several of the Supreme Court's and Eleventh Circuit's opinions at least imply (and may even explicitly state), this Court's discretion is limited to such a degree that a finding that a claim was "meritorious enough to receive careful attention and review" *mandates* a conclusion that the claim does not satisfy the *Christianburg* standard and therefore *mandates* a conclusion that the prevailing defendant is not entitled to fees regarding that claim, *see, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 15-16, 101 S. Ct. 173, 179 (1980) ("Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. . . . *Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by* Christiansburg.") (emphasis added); *Walker v. Nationsbank of Fla., N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995) ("[A] plaintiff's claim *should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant* when the claims are meritorious enough to receive careful attention and review.") (emphasis added); or **(b)** instead, whether a district court retains discretion in at least some circumstances to award attorneys' fees pursuant to *Christianburg* even though that court has

14

determined that the non-prevailing parties' claim or claims were meritorious enough to receive careful attention and review.

Based on the specific facts of this action, this Court does not have to determine whether the Supreme Court and Eleventh Circuit, in decisions such as *Hughes* and *Walker*, were discussing a mandatory or a permissive standard regarding that aspect of the third *Sullivan* factor.  Even if this Court has discretion to award *Christianburg* fees in some, or even all, circumstances in which a plaintiff's claims were dismissed or subject to summary judgment but were meritorious enough to receive careful attention and review, based on the specific facts of this action the Court exercises its discretion to decline to award fees to Islamorada based on the lengthy, time-consuming, and sometimes complex analysis which was necessary to analyze the merits of all three of Plaintiffs' claims.   That analysis demonstrates that Plaintiffs' claims were not "groundless or without foundation for the purpose of awarding fees to" Islamorada.  *Walker*, 53 F.3d at 1559; *see also, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 15-16, 101 S. Ct. 173, 179 (1980).  Based on that factor alone, the Court concludes that Plaintiffs' claims, although ultimately unsuccessful, were not unreasonable, frivolous, meritless, or vexatious, and that Islamorada therefore is not entitled to fees pursuant to § 1983, § 1988, and *Christianburg*.  *See, e.g.*, *Walker*, 53 F.3d at 1559.

At least one other fact - which, in light of the Court's discussion *supra* regarding the third *Sullivan* factor, the Court does not have to rely on (*i.e.*, the Court would reach the same conclusion regarding Islamorada's request for fees even if this fact were not true) in order to conclude that Plaintiffs' claims were not unreasonable, frivolous, meritless, or vexatious (and therefore that Islamorada is not entitled to recover attorneys' fees from Plaintiffs) - supports the conclusion that Count I was not unreasonable, frivolous, meritless, or vexatious:  even Islamorada, which now

claims that all of Plaintiffs' claims, including Count I, were frivolous, did not state a proper basis for dismissal of Count I or for judgment in its favor as to Count I in its entirety in either its Motion to Dismiss or in its Motion for Summary Judgment, and it appears that Islamorada would not have obtained a summary judgment as to Count I in its entirety if the Court (1) had not *sua sponte* raised an issue *which Islamorada failed to raise in its Motion for Summary Judgment*, and (2) had not invited the parties to file supplemental briefs regarding that issue, despite the fact that the deadline for filing dispositive motions had expired.

As the Court discussed to some extent *supra*, Judge Moore denied Islamorada's Motion to Dismiss in its entirety.  *See* D.E. #17.  Although Plaintiffs filed an Amended Complaint after Judge Moore denied that Motion to Dismiss, Count I in the Amended Complaint remained substantially identical to the version of that claim contained in the original Complaint.  *See* D.E. #228 (Report and Recommendation regarding summary judgment as to Count I), at 7-8 & n.4.  Somewhat peculiarly, however, Islamorada moved for summary judgment as to Count I of the Amended Complaint on the "identical, narrow ground on which Islamorada [had] moved to dismiss Count I of Plaintiffs' original Complaint; a ground which Judge Moore [had] explicitly rejected when he denied Islamorada's Motion to Dismiss . . . ," D.E. #228, at 7-8; *see also id.* at 7-13, and Islamorada neglected to inform this Court that Judge Moore had already ruled on that precise issue.

Specifically, in both its Motion to Dismiss and its Motion for Summary Judgment, Islamorada treated Count I as if it were based solely on executive/non-legislative actions, as opposed to being based at least in part on legislative actions.  *See* D.E. #228, at 7-14.  Oddly, Islamorada continued to treat Count I in that manner even after Islamorada explicitly recognized, in its December 22, 2004, Motion to Dismiss and in its Reply to the Motion to Dismiss, "the

16

legislative/non-legislative distinction and its relation to Plaintiff's substantive due process claim, *see* D.E. #5, at 3 ('substantive due process claims only apply to legislative acts'); *id.* at 2-4; D.E. #13, at 1-2," D.E. #228, at 9, and even after "Judge Moore based his conclusion that Count I was not subject to dismissal on that distinction, *see* D.E. #17, at 3-5; *id.* at 5 ('Here, at least some of the acts that Plaintiffs allege are legislative in nature.  Accordingly, Defendant's Motion to Dismiss Count I of the Complaint is denied.')."  D.E. #228, at 9.

As the undersigned discussed in this Court's Report and Recommendation regarding Islamorada's request for summary judgment as to Count I, despite the fact that Judge Moore reached those conclusions regarding Count I in a March 15, 2005, Order, *see* D.E. #17, Islamorada did not raise the correct basis upon which the Court could grant summary judgment as to Count I in its entirety (*i.e.*, most importantly, a request for summary judgment regarding Count I to the extent that claim was based on legislative actions, as opposed to executive/non-legislative actions) until, at the earliest, more than one year after Judge Moore had denied Islamorada's Motion to Dismiss and more than a month and a half after Islamorada had filed its Motion for Summary Judgment.  Specifically, Islamorada raised that argument only in its "Corrected *Reply* memorandum [on March 30, 2006]." D.E. #228, at 13 n.7 (citing D.E. #215, at 2-4).  Regarding Islamorada's failure to raise that potential basis for summary judgment as to Count I, this Court wrote:

> A defendant may not, however, base a summary judgment motion on arguments first raised in a reply memorandum.  *See, e.g.*, S.D. Fla. L.R. 7.1.C ("The movant may . . . serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition . . . ."); *Nova Cas. Co. v. Waserstein*, [424] F. Supp. 2d [1325], [1340], 2006 WL 833081, at *[14] (S.D. Fla. Mar. 24, 2006) (J. Jordan) ("Moreover, it would be unfair to Mr. Waserstein and 1108 to decide Nova's motion on the agency issue alone, because the argument first appears in Nova's reply, and Mr. Waserstein and 1108 did not have a chance to respond in their opposition.").

D.E. #228, at 13-14 n.7.

In fact, even assuming Islamorada's Corrected Reply could be interpreted as having been sufficient to place the Court and Plaintiffs on notice that Islamorada was moving for summary judgment as to that portion of Count I that was based on legislative action, and even assuming the Court had given Plaintiffs the opportunity to file a sur-reply in opposition to Islamorada's arguments regarding that portion of Count I, in the Corrected Reply Islamorada did not discuss that issue in sufficient detail to allow the Court to conclude that Islamorada was entitled to summary judgment regarding that issue and the relevant portion of Count I. *See* D.E. #215, at 2-4.

Despite the fact that Islamorada did not even implicitly address that argument until, at the earliest, March 30, 2006, more than one year after Judge Moore alerted Islamorada to that issue in his Order denying Islamorada's Motion to Dismiss and more than forty-five days after Islamorada filed its Motion for Summary Judgment, and despite the fact that this Court therefore recommended denial of Islamorada's Motion for Summary Judgment as to Count I to the extent Count I was based on legislative acts, *see* D.E. #228, at 14 ("Plaintiffs, however, have not been put on notice of that possible ground for summary judgment and have not been given the opportunity to respond to and present all evidence relating to that argument, and therefore Islamorada is not entitled to summary judgment on that basis."); *see also id.* at 13-14 n.7, the undersigned also recognized that Islamorada might have been entitled to summary judgment regarding that portion of Count I, and therefore Plaintiffs' claims in their entireties. *See* D.E. #28, at 14 ("A review of the record evidence suggest[ed] that if Islamorada had moved for summary judgment on that basis, it might have been entitled to summary judgment as to Count I in its entirety.").

Obviously, as the undersigned wrote in its May 26, 2006, Report and Recommendation

18

regarding Count I,.[5]  if Judge Moore agreed with the undersigned's conclusions regarding the merits

of Plaintiffs' claims but allowed the parties to brief the issue of whether Islamorada was entitled to

summary judgment as to Count I to the extent that claim was based on legislative acts, then

Islamorada might be entitled to summary judgment as to this entire action, which might conserve

judicial resources and the parties' resources by obviating the need for a trial and several pre-trial

matters and requirements.  *See* D.E. #228, at 14 & n.8.

The undersigned also noted, however, that trial was scheduled for a date (June 12, 2006) only

twelve days after the undersigned's Report and Recommendation regarding Islamorada's Motion for

Summary Judgment as to Count I was filed and entered on the docket (May 30, 2006).  Accordingly,

the undersigned recognized that allowing the parties to brief the question of whether Islamorada was

entitled to summary judgment to the extent Count I was based on legislative acts was "a

discretionary matter which could [have] affect[ed] the June 12, 2006, trial date, and therefore the

undersigned [did] not make any recommendation as to whether the Court should allow or require the

parties to brief that issue prior to trial."[6]  D.E. #228, at 14 n.8.  Judge Moore allowed the parties to

_____

[5]  Although the undersigned signed that Report and Recommendation regarding Count I on May 26, 2006, it was not filed or entered on the docket until May 30, 2006.  The Court did, however, fax a copy of that Report and Recommendation to the parties on May 26, 2006.  *See* D.E. #237 (Report and Recommendation regarding Count III), at 1 n.1 ("On May 26, 2006, the Court signed and faxed to the parties' lawyers a Report and Recommendation regarding Count I.").

[6]  In that same Report and Recommendation, the undersigned wrote the following regarding the possibility of allowing the parties to brief the question of whether Islamorada was entitled to summary judgment as to Count I insofar as it related to legislative acts:

> If the Court agrees that Islamorada might be entitled to summary judgment on that ground and the Court believes that considering that issue prior to trial would conserve resources, then of course the Court has discretion to allow the parties to brief that issue and

brief the relevant issue regarding Count I to the extent that claim was based on legislative actions, and eventually Judge Moore granted summary judgment in Islamorada's favor as to all three of Plaintiffs' claims in their entireties.  *See* D.E. ##272-73.

In light of the facts that (1) Islamorada, in its Motion to Dismiss and in its original Motion for Summary Judgment, did not recognize the appropriate basis for dismissal or summary judgment regarding Count I in its entirety, particularly that portion of Count I which related to legislative actions; (2) Islamorada, in its Motion for Summary Judgment, failed to recognize that basis for summary judgment despite the fact that Judge Moore had pointed out its relevance more than one year earlier; and (3) Islamorada only recognized the basis on which the Court ultimately granted summary judgment regarding that portion of Count I which was based on legislative actions *after the Court explicitly advised Islamorada of that potential basis for obtaining summary judgment and*

---

present all evidence related to it prior to the commencement of trial.  *Cf., e.g.*, *Flood v. YWCA of Brunswick, Ga.*, 398 F.3d 1261, 1267 (11th Cir. 2005) ("[A] district court may enter summary judgment *sua sponte* if the parties are given adequate notice that they must present all of their evidence."); *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003) ("[W]e do not retreat from our previous admonition that summary judgment should be granted *sua sponte* only in those circumstances in which the dismissed claims have been fully developed in the evidentiary record and the non-moving party has received adequate notice."); *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417-18 (11th Cir. 1997) (discussing requirement of providing parties adequate notice before entering summary judgment).

D.E. #228, at 14 n.8.  In an effort to provide Judge Moore with as much relevant information as possible to help the Court make an informed decision whether to allow (or even to require) the parties to submit further briefs regarding that portion of Count I, the undersigned also wrote: "Islamorada had the opportunity to raise, but failed to raise, that argument in its Motion for Summary Judgment, which may dictate against allowing Islamorada to raise that ground at this late date."  D.E. #228, at 14 n.8.

20

*gave Islamorada the opportunity to brief that issue after the period for filing dispositive motions had passed*, it is difficult to imagine how Islamorada can now characterize Count I as having been "frivolous."

The second *Sullivan* factor - whether Islamorada offered to settle - dictates neither in favor of nor against a fee award. As a preliminary matter, historically there has been some confusion among district courts within the Eleventh Circuit as to whether a defendant's offer to settle dictates *in favor* of an award of fees pursuant to *Christianburg* (based on, *e.g.*, the argument that the plaintiff's failure to accept a settlement offer regarding a weak or frivolous claim unnecessarily forced the defendant to incur more unnecessary fees) or instead dictates *against* an award of *Christianburg* fees (based on, *e.g.*, the argument that the defendant must have believed the plaintiff's claim had some merit if the defendant were willing to offer something of value to settle the matter). The Eleventh Circuit has in large part ended that debate because it has explicitly held that the fact a defendant did not offer to settle generally dictates *in favor* of a fee award to that defendant, while the fact that a defendant offered to settle, with one caveat, generally dictates *against* a fee award to that defendant. *See, e.g.*, *Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1305 (11th Cir. 2001); *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1354 (11th Cir. 1998) ("Furthermore, under the standards enunciated in *Sullivan*, [defendant's] settlement offer should have been a factor weighing in [plaintiff's] favor."); *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1311 (M.D. Fla. 2002) ("Second, since the Defendants did not offer Plaintiffs a promotion or a monetary settlement, this factor weighs in favor of the Defendants."). It appears that the only caveat to the latter proposition that the Eleventh Circuit has stated is that "the amount of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity." *Quintana v.*

21

*Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005).

Islamorada concedes that it made a settlement offer to Plaintiffs during mediation and that Plaintiffs rejected that settlement offer. *See* D.E. #276, at 9, 13; D.E. #296, at 7. Islamorada characterizes that settlement offer as one which "did not involve monetary consideration . . . ," *id.* at 9; *see also id.* at 13 ("the only offer was the non monetary mediation offer"); D.E. #296, at 7, and Islamorada has not disputed Plaintiffs' representation that the offer was "[a]n offer of development rights . . . to the Plaintiffs." D.E. #297, at 8.

Islamorada makes several arguments, some explicit and some implicit, in support of its argument that the settlement offer it made at mediation does not support a finding that Plaintiffs' claims were not frivolous.

First, Islamorada wrote at least three times that "the offer did not involve monetary consideration . . . ." D.E. #276, at 9; *see also id.* at 13 ("the non monetary mediation offer"); D.E. #296 at 7 ("the offer did not involve monetary consideration"). Islamorada has not directed the Court to any authority which suggests that non-monetary offers of settlement are irrelevant to the second *Sullivan* factor, and such a conclusion would be illogical. This action related in large part to development rights which Plaintiffs sought, so of course an offer of development rights would have some value (a conclusion which is supported at least to some degree (a) by the fact that Islamorada has fought against several of Plaintiffs' attempts to secure those development rights, and (b) by some of the evidence which Plaintiffs submitted in relation to the summary judgment motions, *e.g.*, discussion by some former members of Islamorada's Village Council regarding the value of certain development rights regarding Plaintiffs' property) even thought the offer is "non-monetary" and despite the fact that it might be difficult or impossible to assign a precise monetary value to such

an offer.

Second, Islamorada wrote at least once that the settlement offer itself "cannot be corroborated . . . ," D.E. #276, at 13, and wrote at least twice that the "non monetary compensation" which Defendant offered "cannot be corroborated," *id.* at 7; *see also* D.E. #276, at 9 ("offers . . . for non monetary compensation that cannot be corroborated"). This argument is unclear for several reasons. First, in light of the slightly different statements by Islamorada which the Court quoted in the preceding sentence, it is unclear whether Islamorada is arguing that the *settlement offer* cannot be "corroborated" or instead that the *compensation* which Islamorada offered Plaintiffs at mediation cannot be "corroborated." Second, it is unclear what Islamorada's suggestion that either the offer or the compensation cannot be "corroborated" means and how that relates to the Court's analysis of the second *Sullivan* factor. Islamorada has agreed in writing that it made a non-monetary settlement offer, so it is unclear why the Court would need further corroboration to support Plaintiffs' claim that Islamorada made a non-monetary settlement offer during mediation.[7]

Third, Islamorada wrote at least three times that the "only settlement offer" it made was during mediation, and appears to imply that, based on *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005), that fact supports its assertion that the second *Sullivan* factor does "not weigh in favor of either party." D.E. #276, at 9; *see also id.* ("For purposes of evaluating whether attorneys['] fees should be awarded, offers made during mediation, for non monetary compensation that cannot be corroborated, do not weigh in favor of either party.") (citing *Quintana*); *id.* at 13 ("the only offer was

---

[7] The Court speculates that Islamorada did not mean that the offer or the offered compensation cannot be "corroborated," but instead intended to convey that there is no way to assign a precise monetary value to the development rights that Islamorada offered. Presumably, there is some method by which experts could assign a value to such rights, but neither party has submitted evidence of that value.

the non monetary mediation offer that cannot be corroborated"); D.E. #296, at 7 ("The only settlement offer from Defendant occurred during mediation . . . ."). However, in *Quintana* - the case upon which Islamorada relies - the Eleventh Circuit explicitly *rejected* the prevailing party's argument that for purposes of analyzing the second *Sullivan* factor, a settlement offer made during mediation should be treated differently than a settlement offer made outside the context of mediation. *See* 414 F.3d at 1310 ("Jenne does not deny making an offer of settlement, but maintains that any settlement offer should not be considered because it would have been made only as an attempt to comply with court-ordered mediation. We are unaware of any authority that would preclude us from considering a settlement offer made during mediation . . . ."). Therefore, the authority upon which Islamorada relies belies its assertion regarding offers made during mediation; Islamorada has not explained its argument that its settlement offer cannot be "corroborated"; and Islamorada has not cited any authority to support its seemingly illogical argument that pursuant to the second *Sullivan* factor, a prevailing defendant's settlement offer that does not involve monetary compensation cannot dictate against a fee award. In other words, Islamorada has not cited any legal authority to support *any portion* of the sentences, one of which the Court quotes below, in which Islamorada summarizes its argument regarding the second *Sullivan* factor:

> The second factor that Courts look to is whether the defendant offered to settle. The only settlement offer from Defendant occurred during mediation, the offer did not involve monetary consideration, and it was declined by Plaintiffs. For the purpose of evaluating whether attorneys['] fees should be awarded, offers made during mediation, for non monetary compensation that cannot be corroborated, do not weigh in favor of either party. *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005).

D.E. #276, at 9; *see also* D.E. #296, at 7. It does not appear that *Quintana v. Jenne*, the only decision which Islamorada cited in support of the above-quoted passage, actually supports *any* of the

propositions which Islamorada discussed in the above-quoted passage.

Fourth, Islamorada points out that Plaintiffs rejected Islamorada's settlement offer. *See, e.g.*, D.E. #276, at 9; D.E. #296, at 7. It is unclear whether Islamorada believes that fact dictates in favor of a fee award (it does not appear that Islamorada explicitly argued that that was the case) or instead merely informed the Court of that fact to provide the Court with a more complete background of the facts which preceded the Court's entry of summary judgment in Islamorada's favor. If Islamorada's purpose in citing that fact was to provide additional support for its assertion that it is entitled to a fee award pursuant to § 1988, Islamorada has not cited any legal support for the proposition that rejection of a settlement offer dictates in favor of a fee award, and without any other evidence relevant to the *Christianburg* determination (*e.g.*, evidence that denial of a settlement offer was done vexatiously, solely to force the opposing party to incur other fees), rejection of a defendant's settlement offer generally would imply that a plaintiff sincerely believed that his or her case had merit (although a plaintiff's subjective belief in the merits of his or her suit might not be relevant to the *Christianburg* determination; the Court does not need to, and therefore will not, decide that question in this action). Under the specific facts of this case, the Court concludes that Plaintiffs' rejection of Islamorada's settlement offer is irrelevant to this Court's determination whether Islamorada is entitled to recover fees from Plaintiffs.

Fifth - and this is related to the previous point - the parties have not presented evidence regarding the value of the offer of development rights that Islamorada made at mediation. Absent that evidence, the second *Sullivan* factor does not support either party's position, *i.e.* it does not support an award of fees and it does not support the denial of a fee award. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("It appears that the only caveat to the latter proposition that

the Eleventh Circuit has stated is that "the amount of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity. . . . In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party."). The Court therefore concludes that the second *Sullivan* factor is irrelevant to this Court's determination.

In summary, the Court assumes without deciding that the first *Sullivan* factor supports a fee award; the second *Sullivan* factor is irrelevant to this Court's consideration of Islamorada's request for fees; and the third *Sullivan* factor strongly dictates *against* a fee award to Islamorada. Relying on those three *Sullivan* factors which the Eleventh Circuit has promulgated as a non-exhaustive list of considerations to help district courts determine whether a fee award to a prevailing § 1983 defendant is appropriate pursuant to § 1988 and *Christianburg*, and in the absence of any other fact which would support a fee award to Islamorada pursuant to *Christianburg*, this Court concludes that Plaintiffs' claims were not unreasonable, frivolous, meritless, or vexatious, and the Court exercises its discretion to deny Islamorada's request for attorneys' fees in its entirety.

**<u>Costs</u>**

Islamorada seeks costs of $10,647.00 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See* D.E. #276, at 1, 3-5. Islamorada does not seek costs pursuant to any other statutory, rule-based, or contract-based authority.

The Court has some discretion regarding taxation of costs in this § 1983 action. *See, e.g.*, *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 462 (11th Cir. 1996). However, similar to the Court's discretion to award a non-prevailing § 1983 defendant attorneys' fees, the Court's discretion

to award costs is strictly limited.  (As the Court will discuss *infra*, however, the Eleventh Circuit appears to have recently expanded district courts' discretion to award costs which are not listed in § 1920 if a non-prevailing party fails to timely object to a prevailing party's request for such costs.) In fact, the Supreme Court, Eleventh Circuit, and most if not all other federal appellate courts have explicitly and repeatedly discussed:

**(1)** the "rigid controls on cost-shifting in federal courts . . . ," *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444, 107 S. Ct. 2494, 2499 (1987); *see also, e.g.*, *Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990) ("The Supreme Court has noted that Congress, in 28 U.S.C. § 1920 *et. seq.*, comprehensively addressed the matter and imposed 'rigid controls on cost-shifting in federal courts.'") (quoting *Crawford*, 482 U.S. at 444, 107 S. Ct. at 2499) (footnote and citation omitted); and

**(2)** the concomitant limited nature of district courts' discretion to award certain costs and to decline to award other costs, *see, e.g.*, *Crawford Fitting Co.*, 482 U.S. at 441-42, 107 S. Ct. at 2497-98 ("The discretion granted by Rule 54(d) . . . is solely a power to decline to tax, as costs, the items enumerated in § 1920."); *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) ("[T]he discretion that Rule 54(d)(1) gives courts (the 'unless the court otherwise directs' proviso) is discretion to decline requests for costs, *not discretion to award costs that § 1920 fails to enumerate*.") (emphasis added); *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (Holding that: (1) there is a strong presumption that a prevailing party is entitled to Rule 54(d) costs; (2) "[s]uch costs, however, may not exceed those permitted by 28 U.S.C. § 1920"; and (3) despite the fact that a district court has discretion regarding costs, a district court which concludes that a prevailing party should not recover § 1920 costs "needs a 'sound basis' to overcome the presumption that a prevailing party is entitled to [those] costs."); *Arcadian Fertilizer, L.P. v. MPW Industrial*

*Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("As noted in [Rule 54(d)(1)], the discretion of the district court to award costs is subordinated to Congress's dictates when express provisions are made in federal statutory authority. . . .  Although Congress has displaced or modified district courts' discretion in a variety of contexts, . . . the most significant provisions are in 28 U.S.C. § 1920, which enumerates the categories of costs and fees that a judge or clerk of court may tax. . . .  As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920.") (*citing Crawford*) (footnote and additional citations omitted); *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*en banc*) ("However, the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered. . . .  'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.' . . . *To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so*.") (citations omitted) (alteration in original) (emphasis added); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("The discretion granted by Rule 54(d) is not a power to evade this specific congressional command.  Rather, *it is solely a power to decline to tax, as costs, the items enumerated in § 1920*.") (emphasis added); *Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990) ("The Supreme Court in *Crawford* rejected the argument that Fed. R. Civ. P. 54(d) represented an additional grant of discretion to federal courts to determine what costs may be shifted. Rather, the Court held that 28 U.S.C. § 1920 defines the costs which may be allowed to the prevailing party under Fed. R. Civ. P. 54(d), that 28 U.S.C. § 1821 sets a $30 per day limit on witness fees referred to in 28 U.S.C. § 1920(3),[8] and that Rule 54(d) merely granted district courts discretion to decline

---

[8]  The 28 U.S.C. § 1821(b) witness fee is not $40 per day.

to tax costs. '[A]bsent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and  § 1920.") (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987)) (alteration in original) (footnote omitted).

Consistent with the limited nature of the Court's discretion to shift costs, it constitutes an abuse of discretion for a court considering an application for Rule 54(d) costs to award costs other than those prescribed either by § 1920, by § 1821, or by another statute, a rule, or a contract which governs the non-prevailing party's claims, or to deny costs which on their face appear to be recoverable pursuant to those statutes and Rule, unless the district court explains the basis for its actions to a sufficient degree which would allow the Eleventh Circuit to conduct meaningful appellate review of this Court's conclusions regarding costs. *See, e.g.*, *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*en banc*) ("To defeat the presumption and deny full costs, a district court must have *and state* a sound basis for doing so.") (emphasis added); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (holding that although a district court has wide discretion in calculating reasonable attorneys' fees, the district court's order regarding fees must allow for meaningful appellate review and therefore the district court must articulate principled reasons for its decision); *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (Holding that even when a district court has discretion regarding costs, the district court must provide explicit reasons for its decision "so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) ("Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient. . . . The

court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.").

The Eleventh Circuit, however, appears to have recently expanded district courts' discretion to award cost which are not listed in § 1920 if a non-prevailing party fails to timely object to a prevailing party's request for such costs.[9]  In *Corwin v. Walt Disney Co.*, 468 F.3d 1329 (11th Cir. 2006), *vacated and superseded on reconsideration*, 475 F.3d 1239 (11th Cir. 2007), the prevailing defendant ("Disney") requested taxation of numerous costs, ostensibly pursuant to Federal Rule of Civil Procedure 54(d), including approximately $120,000 in costs which Congress did not explicitly list in 28 U.S.C. § 1920 or in any other applicable statutory authority.  *See Disney*, 468 F.3d at 1345. The non-prevailing party, Corwin, filed untimely objections to the prevailing party, Disney's, request for those costs.  *See Disney*, 468 F.3d at 1345-46.  Because Corwin did not file timely objections to

---

[9]  Assuming this Court has correctly interpreted *Corwin* as expanding district courts' discretion to award costs which are not listed in § 1920 if a non-prevailing party fails to timely object to a prevailing party's request for such costs, *see, e.g.*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987) (holding that a court considering a Rule 54(d) request for costs is not "empowered to exceed the limitations explicitly set out in [28 U.S.C.] §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections"); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (holding that a court considering a Rule 54(d) request for costs "may only tax costs as authorized by statute"), then a question may exist as to whether the *Corwin* three-judge panel - not the *en banc* court - had the authority to expand that discretion or if instead only the Supreme Court or the Eleventh Circuit has the authority to do so.  *See, e.g.*, *Hurth v. Mitchem*, 400 F.3d 857, 862 (11th Cir. 2005) ("[W]here two or more decisions of this Court are inconsistent, we follow the earliest one."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) ("Where an intracircuit conflict of law exists, the earliest panel opinion is controlling."); *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*) (Holding that the Eleventh Circuit's "prior precedent rule" provides that "a panel cannot overrule a prior one's holding even though convinced it is wrong."); *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir.1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision.") (quoting *United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir.1991)). In this Order, this Court does not need to, and therefore will not, attempt to answer those questions.

Disney's request for those costs, the district court taxed those costs despite the fact that § 1920 did not provide a basis for their recovery.  The Eleventh Circuit originally reversed, holding that despite the fact that Corwin had filed untimely objections to Disney's request for costs, the district court abused its discretion by awarding costs which are not among those listed in § 1920.  *See* 468 at 1345-46.

In early 2007, however, the three-judge Eleventh Circuit *Disney* panel vacated its 2006 opinion and entered a superseding opinion in which it affirmed the district court's award of $120,000 in costs, despite the fact that there was no statutory (*e.g.*, 28 U.S.C. § 1920), contractual, or rule-based authority to award those costs.  The Eleventh Circuit concluded that the district court did not abuse its discretion in awarding those costs because Corwin did not timely object to Disney's request for them.  *See* 475 F.3d 1239, 1254-55 (11th Cir. 2007).

Of course, the fact that a district court *has discretion* to award such costs does not mean that the district court *must* award those costs.  Additionally, the Eleventh Circuit's conclusion in *Corwin* that a district court faced with *untimely* objections to a request for § 1920 costs may award those costs implies that a district court may also award such costs if the non-prevailing party fails to file *any* objections to the prevailing party's requests for costs which Congress has not listed in § 1920.  Certainly a failure to file *any* objections constitutes more of a waiver of the right to object to a cost award than a failure to file *timely* objections constitutes such a waiver.

In this Court's November 6, 2006, Order, the Court awarded Islamorada $1,974.88 in costs, which was comprised of $861.00 for service of subpoenas and $1,113.88 in mediation costs.  *See* D.E. #292, at 10-13.  The Court also denied without prejudice Islamorada's request for costs for deposition transcripts, copy costs, costs for computerized legal research, "witness" fees, and #107 for airfare to Jacksonville for a deposition.  *See id.* at 10-13.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1).   *See also E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). However, as the Court discussed in more detail *supra*, the Court generally may only tax costs that are authorized by statute.  *See id.* at 620.  Absent a contrary, explicit statutory provision, the Court may tax only the following costs:

(1)     Fees of the clerk and marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); *W&O, Inc.*, 213 F.3d at 620.

Plaintiffs have not objected to this Court's award of $861.00 for service of subpoenas, *see* D.E. #281, at 2; D.E. #294, at 19-20, and the Court therefore will award that cost to Islamorada pursuant to § 1920(1).  *See, e.g.*, *EEOC v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000).

In the November 6, 2006, Order, this Court wrote that Plaintiffs did not oppose Islamorada's request for reimbursement of mediation costs, *see* D.E. #292, at 12, and the Court awarded Islamorada those costs.  Plaintiffs contend that contrary to the Court's statement, Plaintiffs did object

to the taxation of mediation costs, *see* D.E. #294, at 19, and they contend that mediation costs are not recoverable pursuant to § 1920, *see id.* The Court agrees with Plaintiffs as to both points. First, although Plaintiffs could have been clearer in their Opposition to Defendant's Motion to Tax Fees and Costs, D.E. #281, in that document they did object to Islamorada's request for "Miscellaneous Costs," a request that included "Fees associated with Mediation - $1,113 . . . ." D.E. #276, at 5 (Islamorada's Motion); *see* D.E. #281 (Plaintiffs' Opposition to Defendant's Motion to Tax Fees and Costs), at 4 (objecting to Islamorada's request for "miscellaneous costs," which included mediation costs[10]); *see also, e.g.*, D.E. #294, at 19 (Plaintiffs' Objections to this Court's November 6, 2006, Order).

Even if Plaintiffs had failed to object to Islamorada's request for mediation costs, the Court would exercise its discretion to deny Islamorada's request for that cost *with prejudice* because there is no statutory or other authority to support an award of mediation costs, and mediation costs are not recoverable pursuant to Rule 54(d) and 28 U.S.C. § 1920. *See, e.g.*, *Cook Children's Med. Ctr. v. N. England PPO Plan of Gen. Consol. Mgmt., Inc.*, No. 06-10511, --- F.3d ----, ----, 2007 WL 1842117, at *7-*9 (5th Cir. June 28, 2007) (holding that district court abused its discretion by awarding mediation costs as part of Rule 54(d) and § 1920 costs); *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *Brisco-Wade v. Carnahan*, 297 F.3d 791, 782-83 (8th Cir. 2002) (holding that district court abused its discretion by awarding mediation costs in § 1983 litigation because, *inter alia*, taxable costs in § 1983 actions are limited to those listed in 28 U.S.C. § 1920);

---

[10] The Court's statement that Plaintiffs did not object to Islamorada's request for mediation costs was due at least in part to Plaintiffs' failure to specifically list "mediation costs" as one of the miscellaneous costs to which it objected.

*Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) (holding that district court abused its discretion by awarding mediation costs as part of Rule 54(d) and § 1920 costs); *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); *AM Props. v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 456 (M.D.N.C. 2002); *Eggleston v. Bradshaw*, No. 02-80555-Civ-Lenard/Torres, 2007 WL 1760912, at *5 (S.D. Fla. June 18, 2007) (Magistrate J. Torres) ("Plaintiff[, who failed to prevail on his § 1983 claims,] objects to the payment of costs incurred for mediation. Plaintiff correctly points out that neither Fed. R. Civ. P. 54 nor 28 U.S.C. § 1920 call[s] for recovery of mediation expenses."); *Smith v. Reliance Std. Life Ins. Co.*, No. 03-61274-Civ-Zloch, 2004 WL 2980683, at *3 (S.D. Fla. Nov. 10, 2004) (Chief J. Zloch[11]) ("Mediation is not compensable under 28 U.S.C. § 1920."); *AM Props. v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 456 (M.D.N.C. 2002) (holding that even when non-prevailing plaintiff failed to object to prevailing defendant's request for mediation costs pursuant to § 1920, the court would not award those costs because there was no statutory basis for such an award); *Manriquez v. Manuel Diaz Farms, Inc.*, No. 00-1511-Civ-Seitz/Garber, 2002 WL 1050331, at *3 (S.D. Fla.  May 23, 2002) (Magistrate J. Garber) ("Mediation costs are not recoverable pursuant to 28 U.S.C. § 1920."), *adopted*, slip op. (S.D. Fla. June 11, 2002) (J. Seitz); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000); *McKenzie v. EAP Management Corp.*, No. 98-6062-Civ-Dimitrouleas, 1999 WL 1427707, *2 (S.D. Fla. Sept. 30, 1999) (J. Dimitrouleas) ("As to mediation fees, such fees are not specifically listed in [28 U.S.C.] section 1920 as taxable. . . .  Therefore, the Court will not tax the mediation fees."); *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.*, 178 F.R.D. 595,

---

[11]  Judge Zloch was Chief Judge of this Court at the time he wrote the relevant order in *Smith*, but he no longer holds that position.

602-03 (M.D. Fla. 1998); *Essex Home Mortgage Servicing Corp. v. Century Mortgage Co., Inc.*, No. CIV.A. 92-40171-NMG, 1995 WL 301418 (D. Mass. May 12, 1995); *Mannings v. Sch. Bd. of Hillsborough County, Fla.*, No. 58-3554-CIV-T-17A, 1994 WL 361994, *1 (M.D. Fla. 1994).

As the Court noted in its November 6, 2006, Order, Plaintiffs objected to Islamorada's request for reimbursement of computerized legal research, and the Court denied Islamorada's request for that cost without prejudice to submit detailed billing supporting the request. The Court now denies Islamorada's request for that cost *with prejudice* because it is "clearly nonrecoverable" pursuant to § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

In the November 6, 2006, Order, this Court denied Islamorada's request for copying costs without prejudice to submit evidence from which this Court could conclude that the copies were necessarily obtained for use in this case. *See* D.E. #292, at 11-12. The Court now denies that request *with prejudice*.[12]

As the prevailing party, Islamorada may recover from Plaintiffs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(4); *see E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622-23 (11th Cir. 2000). Photocopying costs, however, are not recoverable if the copies at issue were made merely for counsel's convenience, *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993) (Table); *Desisto Coll. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla.1989)

---

[12]   Even if the Court relied on its November 6, 2006, denial of that request *without prejudice* and gave Islamorada a specific time frame within which to file an amended motion seeking recovery of several costs, in the intervening eight and one-half months Islamorada has not made any attempt to submit documentation to support its request for copying costs or any other costs for which the Court denied Islamorada's request without prejudice. Even if Islamorada had filed an amended motion, that would not change the fact that Islamorada failed to meet its burden to demonstrate its entitlement to those costs when it filed its Motion, and the Court therefore would still deny Islamorada's request with prejudice.

(J. Black), *aff'd,* 914 F.2d 267 (11th Cir. 1990), or constituted general copying, *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("[C]osts such as general copying . . . are clearly nonrecoverable."). Islamorada had the burden to demonstrate in its Motion that the copies for which it sought reimbursement were necessarily obtained for use in this case. *E.g.*, *Helms*, 808 F. Supp. at 1570; *Desisto Coll.*, 718 F. Supp. at 910 n.1. Islamorada did not meet that burden, and therefore it is not entitled to recover copying costs. The Court denies Islamorada's request for copying costs *with prejudice*.

Islamorada seeks recovery of a $150 "filing fee . . . ," D.E. #276, at 5, which the Court did not explicitly address in its November 6, 2006, Order. Although filing fees are generally recoverable as "[f]ees of the clerk" pursuant to § 1920(1), Islamorada has not even attempted to explain how it could have incurred a filing fee despite the fact that Plaintiffs filed this action in this Court. The Court therefore denies Islamorada's request for that cost *with prejudice*.

Consistent with this Court's November 6, 2006, Order, the Court finds that Islamorada has not submitted adequate documentation to support its request for costs "relating to fees charged by, and relating to, various witnesses . . . ," D.E. #292, at 12, and the Court now denies Islamorada's request for costs with prejudice. The Court also notes that although witness fees are recoverable pursuant to 28 U.S.C. § 1920(3), *see* 28 U.S.C. § 1920(3) ("Fees and disbursements for printing and witnesses"), witness attendance fees are generally limited to "$40 per day for each day's attendance." 28 U.S.C. § 1821(b).

Islamorada requested $107 for "Airfare to Jacksonville for Deposition . . . ." D.E. #276, at 5. Islamorada has not presented sufficient information for the Court to determine whether that is a taxable cost, and therefore the Court denies *with prejudice* Islamorada's request for that cost.

As this Court noted in the November 6, 2006, Order, Islamorada requests $16,834.84 for

twenty deposition transcripts  Generally, a prevailing party may recover "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2); *see E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).  Additionally, because both parties presumably have knowledge of the reason for taking depositions the Court has discretion to either place the burden of proving the deposition costs were necessarily obtained for use in the case on the prevailing party, or to place the burden of proving that the depositions were *not* necessarily obtained for use in the case on the non-prevailing party.  *See, e.g.*, *Manriquez v. Manuel Diaz Farms, Inc.*, No. 00-1511-CIV-SEITZ, 2002 WL 1050331, at *5 (S.D. Fla. May 23, 2002) (Magistrate J. Garber), *adopted*, slip op. (S.D. Fla. June 11, 2002) (J. Seitz); *Zunde v. Int'l Paper Co.*, No. 3:98CV439-J-20B, 2000 WL 1763843, at (M.D. Fla. July 20, 2000); *Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.*, 178 F.R.D. 595, 602 (M.D. Fla.1998); *Daugherty v. Westminster Schools, Inc.*, 174 F.R.D. 118, 123-24 (N.D. Ga. 1997); *Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570-71 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993) (Table); *Desisto Coll. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla.1989) (J. Black), *aff'd,* 914 F.2d 267 (11th Cir. 1990); *cf. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir.2000) ("W&O [*i.e.*, the non-prevailing party which opposed the request for costs] has not demonstrated that any portion of the depositions was not related to an issue which was present in the case at the time the deposition was taken.") (citation and internal quotation marks omitted); *but see Fressell v. AT & T Techs., Inc.*, 103 F.R.D. 111, 118 (N.D. Ga. 1984) (Holding that an award of costs for depositions used to support a motion for summary judgment "is appropriate when the attorneys can point to the use of the depositions with some particularity . . . ; the party seeking reimbursement must show how the depositions were necessary for the court's disposition

of the motion."); *Neely v. Gen. Elec. Co.*, 90 F.R.D. 627, 630 (N.D. Ga. 1981).

Consistent with this Court's November 6, 2006, Order, however, the Court concludes that Islamorada's request for deposition costs is woefully deficient and that Islamorada has made no effort to assist the Court in determining the necessity of any particular deposition. *See* D.E. #292, at 10-11. The Court therefore denies *with prejudice* Islamorada's request for that cost.

In summary, Islamorada is not entitled to recover from Plaintiffs any attorneys' fees and is entitled to recover from Plaintiffs $861.00 in costs.

## CONCLUSION

Based upon the foregoing, it is ORDERED that:

(1) the Court's November 6, 2006, Order (D.E. #292) is VACATED;

(2) Defendant's Verified Motion to Tax Costs and Attorneys' Fees (D.E. #276) is GRANTED in part and DENIED in part. Defendant's request for attorneys' fees is denied, and Defendant's request for costs is granted in part and denied in part. Defendant shall recover from Plaintiffs $861.00 in costs.

DONE and ORDERED at the United States Courthouse, Miami, Florida, this 21st day of July, 2007.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge K. Michael Moore
Counsel of record

38